UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                             :

K&S PRODUCE, INC.,

                    Plaintiff,

          20-CV-9663 (JPC)

        -v-

          ORDER

SY 44 FOOD CORP *et al.*,

                    Defendants.

-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The Court is in receipt of Plaintiff's proposed default judgment. Dkt. 38. Before the Court can enter judgment, it requires clarification on a few issues

      First, Plaintiff seeks pre-judgment interest at a rate of 9%. *Id.* at 2. "While PACA does not itself establish a right to interest . . . a purchaser 'is required to pay such items when the parties' contract so provides; in such a case, the interest . . . become[s] subject to the PACA trust together with the principal debt.'" *Tropica Fresh v. Mr. G Int'l Produce Inc.*, No. 20 Civ. 748 (JGK), 2020 WL 3440120, at *4 (S.D.N.Y. June 23, 2020) (quoting *Dayoub Mktg., Inc. v. S.K. Produce Corp.*, No. 04 Civ. 3125 (WHP), 2005 WL 3006032, at *4 (S.D.N.Y. Nov. 9, 2005)). Thus, while "[i]t is . . . settled that reasonable contractual prejudgment interest provisions are enforceable under PACA," *S. Katzman Produce, Inc. v. JAT Beverage Inc.*, No. 17 Civ. 7930 (LTS), 2018 WL 6437058, at *5 (S.D.N.Y. Dec. 7, 2018), it is less clear that the Court may award pre-judgment interest if the contract did not contain an interest provision.

      Second, Plaintiff seeks post-judgment interest at a rate of 9%. Dkt. 38 at 2. However, it appears that the Court may only award post-judgment interest at the rate set forth in 28 U.S.C.

§ 1961(a). *See, e.g.*, *Tropica Fresh*, 2020 WL 3440120, at *5 n.3.

Within one week of the filing of this Order, Plaintiff shall submit a letter, no more than three pages in length addressing the following issues:

1. Whether the contract at issue provided for pre-judgment interest. If it did, Plaintiff should attach the contract as an exhibit to the letter and point the Court to the exact provision discussing pre-judgment interest.

2. If the contract did not provide for pre-judgment interest, Plaintiff should brief this issue and explain (1) why the Court should still award pre-judgment interest; and (2) why a rate of 9% is appropriate. The Court is aware that some courts award pre-judgment interest after concluding that such an award is "in line with the congressional intent [of PACA] to protect agricultural suppliers." *Tropica Fresh*, 2020 WL 3440120, at *5; *accord Tomato Mgmt., Corp. v. CM Produce LLC*, No. 14 Civ. 3522 (JPO), 2014 WL 2893368, at *3 (S.D.N.Y. June 26, 2014). Plaintiff therefore need not make this argument. Instead, the Court is specifically interested in statutory or other authority permitting the Court to award pre-judgment interest in the absence of a contractual interest provision. If Plaintiff instead wishes to withdraw its request for pre-judgment interest, the letter should indicate this.

3. Whether Plaintiff withdraws its request for post-judgment interest at a rate of 9% and instead agrees that the Court may only award post-judgment interest in accordance with § 1961(a). If Plaintiff continues to request post-judgment interest of 9%, Plaintiff should explain the basis for this rate and point the Court to cases in which courts awarded post-judgment interest at a rate of 9% or another rate above the parameters set forth in § 1961(a).

4. Finally, with regard to the principal damages sought, it appears that $10,000 of the $48,465.25 comes from an invoice dated November 27, 2019. Dkt. 34-3 at 21. Unlike the other invoices Plaintiff provided, this invoice does not list any commodities purchased. Instead it lists one item titled "BOUNCE CHECK." *Id.* Plaintiff shall clarify this invoice and supposed $10,000 charge, and explain why this amount is covered by 7 U.S.C. § 499e(C).

SO ORDERED.

Dated: May 26, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge